## J. Walter Dunsworth, Appellee, v. W. D. Chemical Company, Appellant.

REPLEVIN, § 7*—*when not proper to recover note.* Where the execution of a note was not secured through fraud or deceit, and it was supported by a good consideration when executed and it was delivered by the maker to the payees, the maker cannot, on the grounds of his right to rescind, breach of contract and failure of consideration, recover possession of the note by replevin.

Appeal from the County Court of Hancock county; the Hon. J. ARTHUR BAIRD, Judge, presiding. Heard in this court at the April term, 1914. Reversed. Opinion filed October 16, 1914. Rehearing denied November 6, 1914.

O'HARRA, O'HARRA, WOOD & WALKER, for appellant.

HARTZELL, CAVANAGH & BABCOCK, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On the sixth day of March, 1913, appellant and appellee entered into a written contract in which it was provided that in consideration of the right of appellee to sell the goods that day ordered of appellant in Hancock county during the period of mutual satisfaction, appellee agreed to sell said goods at certain prices; that appellant agreed to send one of their men before the expiration of sixty days to canvass with and assist appellee in selling of the goods without any charge for the services of the assistant, and that said assistant should turn over to appellee the entire proceeds of all sales made by him; that in case of the failure of appellant to send said assistant within sixty days, appellant agreed at the expiration of that time to take charge of all unsold gods and credit the same to appellee's separate covenants covering the goods that day ordered by him; that appellant agreed to send to appel-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lee literature free of charge to be distributed to the stock raisers for advertising purposes.

The goods mentioned in the contract were stock powders. On said day appellee ordered 6,000 pounds of these stock powders called "Protection Stock Powders," and executed his note for the principal sum of three hundred and sixty dollars, payable to the order of appellant ninety days after date. The evidence shows that these stock powders were to be delivered to appellee at the price of six cents per pound and that appellee was to sell them for higher prices and was to retain the difference. Three thousand pounds of the stock powders were shipped to appellee and at the time of the trial were stored on his premises, the remaining 3,000 pounds were afterwards shipped to appellee and he refused to receive the same. None of the stock powders were sold by appellee. The note became due and appellee requested appellant by letter to send the note to the Hancock National Bank at Carthage. Appellant did so, and as soon as the bank received it appellee demanded possession of the note, which, being refused, he brought this action in replevin to recover the possession of the note. The jury found the issues for appellee, and from the judgment on that verdict this appeal is prosecuted.

It is contended by appellee that the contract running only during a period of mutual satisfaction he had a right to rescind it at any time he saw fit, and he never having sold any of the powders, the consideration of the note has failed and he is entitled to the return of the note to his possession. It is also urged that appellant breached the contract by failing to send a man within sixty days to assist him in the sale of the goods. The evidence shows that a man was sent to him within the sixty days, but appellee claims he was prevented from taking advantage of it at that time on account of the illness of his wife and that appellant should have again sent a man for that purpose, and

first notify appellee of the time when he would arrive so that he would be prepared to go out with him for the purpose of selling the goods.

We cannot agree with counsel for appellee that an action of replevin is a proper remedy under such circumstances, and we have been unable to find any authority to sustain such a procedure. The execution of the note was not procured through fraud or deceit, so far as this record shows, and at the time of its execution it was supported by a good consideration. The title to the note passed to appellants when it was delivered to them by appellee, and if there are any defenses to it they can be availed of by appellee when an action is brought to recover thereon.

It is unnecessary to pass upon the other propositions advanced by counsel in this case. The judgment will be reversed.

*Reversed.*